cruelty as a grounds for divorce, the conduct of the defendant must be such as to cause embarrassment, humiliation and anguish to the opposite spouse or to cause the opposite spouse's life or personal health to be endangered. [Citation.]" (8 Ill.App.3d 212, 214.)

If we apply this test to the facts presented in the instant appeal, as defendant urges, we still find ample evidence to support the granting of the decree. See also *Deahl v. Deahl*, 13 Ill.App.3d 150, 300 N.E.2d 497.

██ The final instance of error raised by defendant for our consideration is the trial court allowing defendant's counsel to withdraw without giving reasonable notice. As noted in *Bergman v. Hedges*, 111 Ill.App.2d 35, 249 N.E.2d 666, the question of whether notice of withdrawal was reasonable is to be determined from the circumstances of a particular case. The record of the instant case shows that the notice given to defendant by her counsel, in light of the entire record, was reasonable and that the trial court properly allowed him to withdraw.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER MARTIN, Defendant-Appellant.

(No. 60181;

First District (5th Division)—March 14, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Paul B. Linton, Assistant State's Attorneys, of counsel), for the People.